[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO MODIFY ALIMONY CODED 127,PLAINTIFF'S MOTION FOR CONTEMPT CODED 130, AND PLAINTIFF'S MOTION FORCOUNSEL FEES CODED 131
I
DEFENDANT'S MOTION TO MODIFY ALIMONY
The defendant has filed a motion to modify alimony, coded No. 127. The motion alleges that subsequent to the dissolution of the marriage between the parties, the plaintiff has remarried. The motion seeks to terminate alimony based on the remarriage. It further alleges that pursuant to § 46b-86 (a), the plaintiff's remarriage is a substantial change in the circumstances of the plaintiff, and also alleges that pursuant to § 46b-86 (b), the plaintiff is living with another person under circumstances which have altered the financial needs of the plaintiff. The parties have stipulated that any order entered is to be retroactive to May 20, 1996, the date that the motion was served on the plaintiff by a sheriff.
Many of the facts that give rise to this motion are not in dispute.
A. THE DEFENDANT'S CLAIM THAT ALIMONY SHOULD BE TERMINATEDDUE TO THE PLAINTIFF'S REMARRIAGE.
By memorandum of decision, dated November 6, 1995, the marriage between the parties was dissolved following a limited contested dissolution proceeding. One of the orders entered by the court was as follows:
 The husband shall during his lifetime pay to the wife during her lifetime or her remarriage the sum of $24,000 annually as alimony payable monthly at the rate of $2000 per month. These payments shall be due and payable on or CT Page 4257 before the 15th day of each month commencing November 15, 1995.
On October 22, 1996, the trial court articulated the above order as shown by the relevant portions of the transcript of the hearing of that date as follows:
 THE COURT: Okay. All right. It was my intention in drafting the decision that the alimony was payable during her lifetime or her remarriage. I did not, however, preclude any modification of the amount of the alimony in the event that there was a substantial change in the financial circumstances. So, therefore, at least in my humble opinion, Mr. Morgan is entitled to proceed on his motion to modify, and should he establish that there has been a substantial change in circumstances to the satisfaction of the Court that hears this, then the alimony amount could be modified.
 MS. PLASIL: May I be heard? Because there may be options based on what Your Honor is now articulating that may, in fact, preclude the procedure from continuing on this level.
 Is Your Honor saying that there is something in the judgment that precludes Mr. Morgan from modifying the term of alimony?
 THE COURT: I have not — No, I did not preclude any kind of modification.
MS. PLASIL: Okay.
 THE COURT: As you indicated, that would have been specifically stated had that been the intention.
 MS. PLASIL: And so may I understand that should this matter be referred to a short calendar Judge, it would be accompanied with your holding, if you will, of this hearing that the alimony amount and term are modifiable and/or terminatable, if there is such a word?
The court finds that the intent of the memorandum of decision, as further articulated, was that remarriage was not in and of itself to terminate alimony and, therefore, the court does not terminate it as a result of the plaintiff's remarriage. A CT Page 4258 provision in a dissolution decree that remarriage in and of itself is not to terminate alimony has been held to be a valid provision in Burns v. Burns, 41 Conn. App. 716 (1996). The order of the trial court does allow for modification, including termination of alimony, but does not require that alimony automatically terminate in the event of remarriage.
B. THE DEFENDANT'S CLAIM THAT ALIMONY SHOULD BE MODIFIED ORTERMINATED DUE TO A SUBSTANTIAL CHANGE IN CIRCUMSTANCES OF THEPARTIES.
The threshold question before the court is whether there has been a substantial change in circumstances under the provision of § 46b-86 (a) which provides for the authority of the court to modify, set aside or alter alimony.
The following chart reflects the financial condition of the parties at the time of the dissolution of marriage following the orders entered by the court as part of the dissolution:
PLAINTIFF
TOTAL TOTAL TOTAL CASH TOTALWEEKLY WEEKLY VALUE OF LIABILITIESINCOME EXPENSES ASSETS
$576.92 $690.00 $176,081.84 $21,550.00
DEFENDANT
$1788.46 $1552.00 $108,389.61 $13,150.00
The court finds the following additional facts. The plaintiff remarried on May 2, 1996. She has voluntarily reduced her income by voluntarily terminating her prior employment. Had she not terminated that employment, her present gross weekly income would be approximately $625. She has total weekly expenses of $1048. She has liabilities totalling $27,300. She owns a motor vehicle with equity of $7500, personal property of $500, bank accounts with a balance of $8200, life insurance with a cash surrender value of $1285, U.S. Savings Bonds with a value of $3000, an IRA Prudential with a value of $21,969.71, and a 401K with a value of $22,648.92. For reasons that have not been made clear, the order of the trial court that certain retirement assets of the defendant would be divided, with 65 percent of those assets going CT Page 4259 to the plaintiff, has not been accomplished. The defendant has the present gross weekly pay of $1895. He has total weekly expenses of $1473. He has total liabilities of $8500. The total cash value of all of his assets is $98,795. The plaintiff's present husband has an annual salary of $61,000.
The court finds that there has been a substantial change in circumstances of the parties. The court has considered the criteria of § 46b-82 in determining the issue of modifying alimony.
As part of the memorandum of decision, the trial court made the following findings of fact:
 4. The husband's educational training and background are far superior to that of the wife.
 5. The wife contributed both financially and non-monetarily to the husband's attainment of his educational accomplishments and the establishment of the husband's career.
 6. The parties contributed jointly to the acquisition and preservations of their assets.
 7. The husband's opportunity to acquire assets in the future is greater than that of the wife.
 8. The husband has greater opportunities to supplement his primary source of income from his regular employment due to his background, training, areas of expertise and reputation in his field and consulting experience.
 9. The husband's earning capacity is substantially greater than that of the wife even if she were to choose to and be able to reobtain and maintain the demanding position of a store manager after her long absence from that field.
The court reduces alimony to one dollar ($1) per year retroactive to May 20, 1996 pursuant to § 46b-86 (a).
C. THE DEFENDANT'S CLAIM THAT ALIMONY SHOULD BE MODIFIED ORTERMINATED BASED ON THE PLAINTIFF'S COHABITATION.
The court further finds that under the provision of §46b-86 (b), the plaintiff is living with another person, namely CT Page 4260 her new husband, under circumstances which the court finds should result in a modification of alimony because the living arrangements cause such a change in circumstances as to alter the financial needs of the plaintiff. The plaintiff's new husband has a gross annual salary of approximately $61,000. He is under an order to pay support from his prior marriage of $858 or $10,296 per year. He owns real property in upstate New York in which the rental income is approximately equal to the payment of mortgage, taxes and insurance, and other related expenses. He contributes $700 per month towards the household expenses of the plaintiff and himself. Accordingly, the court reduces alimony to one dollar ($1) per year retroactive to May 20, 1996 pursuant to §46b-86 (b).
 II
THE PLAINTIFF'S MOTION FOR CONTEMPT
The court finds the following additional facts regarding this motion. Commencing August of 1996, the defendant ceased paying to the plaintiff the court order of $2000 per month alimony. He has been paying that amount over to his attorney who is holding the funds in escrow. The defendant has taken the position that because he believes that the alimony order is going to be terminated that he, therefore, should not pay the plaintiff the alimony and run the risk of not being able to obtain the funds back from her. The court finds that this conduct on his part is a wilful violation of the court order and therefore finds him in contempt of court. The court awards counsel for the plaintiff $100 in counsel fees as a result of that contempt finding. The contempt finding is to be purged upon the defendant paying to counsel for the plaintiff $100 within thirty days from today's date.
 III
THE PLAINTIFF'S MOTION FOR COUNSEL FEES
The court has considered the statutory criteria in awarding counsel fees in this case, and awards to counsel for the plaintiff counsel fees in the amount of $1190. The counsel fees are to be paid within thirty days from today's date. In the event they are not paid by such date, then interest is to run on such counsel fees at the rate of 10 percent per annum. CT Page 4261
Axelrod, J.